**JAMES T. MORIARTY, Esq.**
**489 Fifth Ave., 19th Fl.**
**New York, N.Y. 10017**
**Tel. [646] 487-1940**
**Fax [646] 487-0036**

Sept. 14, 2005

Hon. Thomas C. Platt U.S.D.J.
United States Courthouse
100 Federal Plaza
Central Islip, N.Y. 11723

**Re: U.S. v. Stephen Anthony Marc Johnson**
**Criminal Docket No. 95-CR-392 (S-1) (TCP)**

Dear Judge Platt,

   I write concerning the sentence of Marc Johnson currently scheduled for Friday, Sept. 16, 2005.  When last I wrote the court I requested an adjournment of my client's sentence based on the following reasons:

1) To complete transcription of government tape recordings made during the investigation but which had apparently never been transcribed;
2) Clarify with Probation Department Defendant's role in events based on content of tapes;
3) Reduction to writing or stipulation the agreed upon changes to the PSR as per conversations with AUSA Ryan and myself;
4) Resolution of legal issue of defendant's role in view of resolution of factual issues;
5) Resolution of "new" issue in PSR addendum of whether Mr. Johnson provided materially false information to the court essentially during his litigation to withdraw his plea;
6) Determination of Mr. Johnson's actual interest in property  in forfeiture proceedings pursuant to this case in view of his alleged mis-representation re same to the Probation Department resulting in increase in "advisory" guideline level;
7) Completion of sentence submission resolving above described issues


   Since that time I have worked on all the described tasks but because of other "litigation issues" such as motion completion schedules as per court order I have not been able to complete all the tasks listed above.  I have finished transcriptions of the tapes (1).  I have not yet met with the Probation Department to resolve the "role" issue as I believe I can

1

resolve same with Mr. Ryan. I have not met with him, not through his fault, but simply because of scheduling issues (2),(3),(4). When I meet with the Probation Department I prefer to be able to resolve the issue of the purported mis-representation concerning the interest in his property and I am working on this as well.

   I have put in substantial time in unraveling the forfeiture issue and the interest of Mr. Johnson in this property. It is necessary to complete this in order to clarify the so called mis-representation issue and the resulting "level" increase by the Probation Department. This property is located in Arizona and consisted of many individualized properties surrounding a main property.

   All purchases had been collateralized and cross-collateralized and thus it has been somewhat tedious and time consuming to understand the actual situation. Some of the properties have been foreclosed on already by mortgage holders be they banks or private holders. This may be the source of the supposed mis-representations discussed.  I have spoken with the main mortgage holder in Arizona, and he has agreed to provide me with a set of documents which should provide clarification as well as a time line as to these purchases; financings and foreclosures. (6)

   With regard the issue of whether there was a misrepresentation made during the plea withdrawal litigation I have not been able to resolve at this point. To be perfectly candid I was concentrating on the other issues mentioned. (5).

   With regard the final matter, namely the sentence submission, I have completed most of the document save for the remaining unresolved issues listed above. It is my intent to make a submission which completes resolution of all issues and not one which creates them. (7)

   With regard my actual schedule since the last adjournment I was able to work almost exclusively on this case from the July 27, 2005 to August 11, 2005. I also had three meetings with Mr. Johnson at the Nassau County Correctional Facility during and after this period of time.

   Additionally,  I (and several other counsel) then had to complete almost five full days of depositions plus the required days of  preparation for same as per court ordered deposition dates in a construction litigation pending in New York State Supreme Court, New York County, (Weingrad v. Vardo).  I also had to spend a somewhat unexpected but nevertheless unexpected period of time organizing and resolving several issues in a "death penalty" case pending in the Eastern District of New York, (U.S. v. Basciano, et al.) which included court appearances as well at least one procedural meeting with the government.


   Finally, again as per court set deadline, I had to complete the filing of a motion to dismiss a complaint by Sept. 7, 2005, in a matter pending  in the New York State Supreme Court in Central Islip. This was also accomplished.  There was one other issue

which also contributed to this delay. Verizon mistakenly shut down my phone lines as well as DSL line in the mistaken belief that I had changed carriers. It literally took over three weeks to resolve that matter. This problem greatly lessened my access to research facilities not to mention the ECF system and "normal" communication channels.

Although I do not relish requesting additional time I can assure the court that substantial progress is being made on both the sentence issue as well as the forfeiture issue.  If the court sees fit to granting  additional time I would request approximately six weeks in view of the remaining open issues as well as to allow for compliance with other matters in which I am involved.

I have spoken to AUSA Ryan and he objects to an adjournment .

Respectfully submitted,

James T. Moriarty

cc: AUSA Burton Ryan